ISHEE, J.,
for the Court.
¶ 1. Jeffrey Smith brought suit against the Estate of Tammy Brents for injuries arising from an automobile accident which Brents did not survive. A jury found both parties to be comparatively negligent and returned two separate verdicts, with each offset by the parties’ individual negligence. Smith was found to be seventy-five percent negligent, thus reducing his verdict of $100,000 to $25,000. Brents was found to be twenty-five percent negligent, thus reducing her verdict of $315,000 to $236,250. The trial court thus issued one net judgment of $211,250 to the Estate of Brents, representing her verdict of $236,250 less Smith’s recoverable damages of $25,000. Aggrieved by the trial court’s issuance of one net judgment rather than two separate judgments, Smith appeals. Finding no error, we affirm.
FACTS
¶ 2. On September 1, 2000, Brents was traveling in the far left lane on Highway 78 in DeSoto County, Mississippi, when she had a blowout on her left rear tire. Subsequently, Smith’s vehicle collided with Brents’s, resulting in injuries to Smith and the death of Brents. Mississippi Farm Bureau provided Brents’s estate with $25,000 in liability insurance and, prior to trial, paid $40,000 in uninsured motorist benefits to the estate and wrongful death beneficiaries. Smith was entirely unin *236 sured at the time of the accident. Smith filed suit against Brents’s estate, and Brents’s estate countersued. A DeSoto County jury found that Brents was twenty-five percent negligent and that Smith was seventy-five percent negligent. The jury returned two separate verdicts: (1) a verdict for Brents’s estate in the amount of $236,250, representing $315,000 less the twenty-five percent attributable to Brents’s own negligence; and (2) a verdict for Smith in the amount of $25,000, representing $100,000 less the seventy-five percent attributable to his own negligence. The trial court consolidated the verdicts into a net judgment of $211,250 for Brents’s estate and against Smith, representing Brents’s estate’s verdict of $236,250 less Smith’s recoverable damages of $25,000. Aggrieved by the trial court’s issuance of one net judgment rather than two separate judgments, Smith appeals. Brent’s estate presents a protective cross-appeal, to be decided should this Court choose not to affirm the judgment of the lower court, asserting that the lower court erred in allowing Smith to read learned treatises into the record without a sponsoring witness.
STANDARD OF REVIEW
¶ 3. This Court employs a de novo standard when reviewing questions of law. Aladdin Const. Co., Inc. v. John Hancock Life Ins. Co., 914 So.2d 169, 174(¶ 8) (Miss.2005).
ISSUES AND ANALYSIS
I. Whether the trial court erred by issuing one net judgment in favor of Brents’s estate instead of two separate judgments to Brents’s estate and Smith.
¶ 4. Smith cites Pham v. Welter, 542 So.2d 884 (Miss.1989) to support his contention that the trial court’s issuance of one net judgment was incorrect. In Pham, which was also an automobile accident case in which both parties were comparatively negligent, the jury found Pham to be sixty percent negligent and Welter to be forty percent negligent. Id. at 887. Both Pham and Welter had liability insurance. Id. at 891. Judgment was entered separately for both parties, without set-off, which Welter appealed. Id. at 891. The supreme court rejected the liability insurer’s assertion that one net judgment would be proper, stating, “we find that the concept of ‘set-off as argued by State Farm Mutual is not applicable in a situation such as the one at bar [in which both parties carry liability insurance] in order to diminish the recovery of the insured while providing a corresponding windfall to the insurer.” The supreme court stated that it was in full agreement with the reasoning of the California Supreme Court in Jess v. Herrmann, 26 Cal.3d 131, 161 Cal.Rptr. 87, 604 P.2d 208, 214 (1979), which held that
At least in cases in which both parties to a lawsuit carry adequate insurance to cover the damages found to be payable to an injured party, both the public policy of California’s financial responsibility law and considerations of fairness clearly support a rule barring a setoff of one party’s recovery against the other.
Pham, 542 So.2d at 892. Because Smith did not have liability insurance in this case, Pham clearly does not apply. This Court will not extend Pham’s holding to cases in which its reasoning does not apply, such as here, where one party does not have liability insurance. Hence, we find no error in the trial court’s issuance of a net judgment rather than two separate judgments.
II. Whether the trial court erred by allowing Smith to read learned treatises into the record without a sponsoring witness.
¶ 5. Because we affirm the holding of the lower court as to the first issue, it is not *237 necessary for us to examine Brents’s estate’s protective cross-appeal.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY IS AFFIRMED AS TO THE DIRECT APPEAL; THUS, THE CROSS-APPEAL IS MOOT. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES AND ROBERTS, JJ. CONCUR.